**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4197**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROBERT MOORE SAMPSON,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Martin K. Reidinger,
District Judge.  (3:09-cr-00085-MR-3)

─────────────

Submitted:  March 29, 2011          Decided:  April 22, 2011

─────────────

Before NIEMEYER, AGEE, and DAVIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

S. Frederick Winiker, III, WINIKER LAW FIRM, PLLC, Charlotte,
North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Moore Sampson pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006). He was sentenced to sixty-five months' imprisonment. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the sentence is reasonable. Sampson has filed a pro se supplemental brief, emphasizing the mitigating factors supporting a lesser sentence. Finding no error, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the

record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). If the sentence is procedurally sound, this court next assesses the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).

With these standards in mind, we have reviewed Sampson's sentence and conclude that the district court properly calculated Sampson's sentencing range under the advisory Guidelines as 87-108 months. The district court also allowed counsel to argue that the § 3553(a) factors warranted a sentence of time served and afforded Sampson an opportunity to allocute. See United States v. Lynn, 592 F.3d 572, 581 (4th Cir. 2010). The district court articulately explained before imposing sentence that other factors, particularly the need to deter others, outweighed Sampson's favorable offender characteristics. See Carter, 564 F.3d at 330. Finally, Sampson offers no persuasive argument that the district court abused its discretion in sentencing him to a below-Guidelines sentence of sixty-five months. See Pauley, 511 F.3d at 474 (affirming sentence where downward variance was "reasonable and premised on

3

the factors set forth in § 3553(a)"). Accordingly, we discern neither procedural nor substantive sentencing error.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Sampson, in writing, of the right to petition the Supreme Court of the United States for further review. If Sampson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sampson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>